IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH CAPOGRECO, et al.,

    Plaintiffs,                              No. CIV S-00-1951 LKK GGH P

    vs.

R. SANDHAM, et al.,

    Defendants.                              ORDER

_____/

    Plaintiffs are two state prisoners proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On October 7, 2005, Judge Karlton denied defendants' motion for summary judgment as to defendants Parks and Lett and granted defendants' motion with respect to defendants Sandham and Gilkes, remanding the case to this court.[1] As to plaintiff Capogreco, this case will now proceed to trial against defendants Parks and Lett. A scheduling order for plaintiff Capogreco will issue by separate order. Meanwhile, an evidentiary hearing must be set in order to determine whether co-plaintiff Johnson is being deprived of access to legal material

---

[1] The undersigned had recommended that defendants' motion for partial summary judgment, re-noticed on October 13, 2004, with respect to plaintiff Capogreco be granted and judgment be entered for these four defendants. See Findings and Recommendations, filed on September 2, 2005.

1  relevant to this case.  See Order filed on September 2, 2005.  At this point, the motion for partial
2  summary judgment against plaintiff Johnson is not at this time pending until the issues relating to
3  his access to legal material are resolved.  Therefore, this case as to each plaintiff is now clearly
4  proceeding on different tracks.
5         Therefore, the court has determined that each plaintiff must proceed separately on
6  his own claims.   The Federal Rules of Civil Procedure provide "[p]arties may be dropped or
7  added by order of the court on motion of any party or of its own initiative at any stage of the
8  action and on such terms as are just.  Any claim against a party may be severed and proceeded
9  with separately." Fed. R. Civ. P. 21.  Courts have broad discretion regarding severance.  See
10 Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).
11         Moreover, for some time, the plaintiffs have been housed at different facilities,
12 with plaintiff Johnson currently incarcerated at Salinas Valley State Prison and defendant
13 Capogreco housed at California State Prison- Represa.  The fact that plaintiffs pro se have been
14 housed in different facilities for extended periods of time has presented procedural problems that
15 have frequently caused delay and confusion.  Delay often arises from the frequent transfer of
16 inmates to other facilities or institutions, the changes in address that occur when inmates are
17 released to parole, and, as demonstrated often in this case, the difficulties faced by inmates who
18 attempt to communicate with each other.  This also applies to attempts by inmates to
19 communicate with unincarcerated individuals.  In addition, severance of the plaintiffs will
20 militate for a narrowing and simplification of the issues to be addressed at the evidentiary hearing
21 to be set with respect to plaintiff Johnson's repeated claims that he has been denied legal access
22 to relevant legal materials such that he has been unable to formulate his opposition to defendants'
23 motion for partial summary judgment.  With the cases severed, plaintiff Johnson will no longer
24 have any reason to seek access to any of the legal material relevant for plaintiff Capogreco, now
25 needing only to have access to the legal material relevant to his own individual claims.
26 Conversely, any claim by plaintiff Capogreco that he needs access to plaintiff Johnson's legal

1   materials will also be rendered moot.

2   Accordingly, the court will order that plaintiffs' claims be severed. Plaintiff
3   Kenneth Capogreco will proceed in this action, while plaintiff Jeremiah Johnson will proceed in
4   a civil action to be opened by the Clerk of the Court. Each plaintiff will proceed with his own
5   action and will be solely responsible for his own action.

6   The Clerk of the Court will be directed to assign the new action to the same
7   district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall
8   make appropriate adjustment in the assignment of civil cases to compensate for this
9   reassignment.

10   Although the claims will be severed, the record of all filings in this case up to the
11   date of this order will apply to each case.

12   In accordance with the above, IT IS HEREBY ORDERED that:

13   1. The claims of plaintiff Jeremiah Johnson are severed from the claims of
14   plaintiff Kenneth Capogreco;

15   2. Plaintiff Capogreco shall proceed as the sole plaintiff in case No. CIV S-00-
16   1951 LKK GGH P;

17   3. The Clerk of the Court is directed to:

18   a. Open a separate civil action for plaintiff Johnson;

19   b. Assign the new action to the district judge and magistrate judge to
20   whom the instant case is assigned and make appropriate adjustment in the
21   assignment of civil cases to compensate for such assignment;

22   c. File and docket a copy of this order in the file opened for plaintiff
23   Johnson;

24   d. Make sure that all filings in Case No. 00-1951 LKK GGH P up to the
25   date of this order are included in the case file to be opened for plaintiff Johnson;

26   e. Strike from the case caption of each case file the name of the other

plaintiff.

4. Each plaintiff's documents in future must bear the docket number assigned to his own individual case.

DATED: 10/24/05

/s/ Gregory G. Hollows
―――――――――――――――――――
UNITED STATES MAGISTRATE JUDGE

GGH:009
capo1951.sev