1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEREMIAH JOHNSON,

11            Plaintiff,                No. CIV S- 05-2141 LKK GGH P

12        vs.

13   R. SANDHAM, et al.,

14            Defendants.               <u>ORDER</u>
     _____/

15

16            Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

17   1983.  By order filed on October 25, 2005, plaintiff Johnson's claims were severed from those of

18   his former co-plaintiff, Kenneth Capogreco, in Case No. 00-1951 LKK GGH P, and this separate

19   civil action was opened for plaintiff Johnson because this litigation is now on a different track

20   from plaintiff Capogreco's action.  <u>See</u> <u>Order</u> filed on October 25, 2005.

21            The court has determined that an evidentiary hearing must be held to determine

22   whether plaintiff Johnson is being deprived of access to legal material relevant to this case.  <u>See</u>

23   <u>Order</u> filed on September 2, 2005.  Defendants' motion for summary judgment as to plaintiff

24   Johnson cannot proceed until the issues relating to his access to legal material, sufficient to allow

25   him to frame an opposition to defendants' motion, have been resolved.

26   \\\\\

1

1    Plaintiff is currently housed at Salinas Valley State Prison (SVSP) and has

2    persistently complained that SVSP prison staff, non-defendants in this action, have not allowed

3    him adequate access to his legal materials to proceed with this litigation.  Prior efforts by this

4    court to resolve this matter short of requiring an evidentiary hearing have not succeeded.  See

5    Orders, filed on January 28, 2004 and on July 5, 2005.  As the claims have been severed, the only

6    question to be resolved is whether plaintiff Johnson is allowed adequate access to legal materials

7    relevant only for his own claims, since plaintiff Capogreco's claims are no longer at issue in this

8    matter.

9    The hearing with respect to the question of the access to legal property allowed

10   plaintiff by non-parties at SVSP will proceed pursuant to the All Writs Act, 28 U.S.C § 1651.

11   Usually persons or entities not parties to an action are not subject to orders for injunctive relief.

12   Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  However, the fact one is

13   not a party does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C.

14   § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions

15   and agreeable to the usages and principles of law." See generally S.E.C. v. G.E. George

16   Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434

17   U.S. 159 (1977).  This section does not grant the court plenary power to act in any way it wishes;

18   rather, the All Writs Act is meant to aid the court in the exercise and preservation of its

19   jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

20   The Warden of Salinas Valley State Prison, Mike Evans, or his representative,

21   will be directed to appear at the evidentiary hearing and to provide the witness list and exhibits

22   on behalf of SVSP prison staff, as set forth below.  Defendants may provide a witness list and

23   exhibits.

24   Accordingly, IT IS ORDERED that:

25   1.  The evidentiary hearing is set for February 14, 2006 at 10:00 a.m. in

26   Courtroom 24 before the undersigned;

1      2.  Mike Evans, Warden at Salinas Valley State Prison, or his representative, must

2  appear at the hearing on behalf of SVSP prison staff;

3      3.  Within 20 days, Warden Mike Evans and plaintiff must each provide the court

4  with:

5         a) A witness list and a proffer of the testimony of each prospective

6  witness;

7         b) A specific listing of the exhibits each intends to present at the hearing.

8      4.  If defendants elect to provide a witness list and to identify exhibits, they must

9  do so within the same guidelines and within the time as set forth above in # 2.

10      5.  In addition to the parties, the Clerk of the Court is directed to serve this order

11  upon Mike Evans, Warden of Salinas Valley State Prison; the Clerk is directed to serve Warden

12  Evans by first class mail.

13      6.  Alternatively, if the warden and the parties are able to resolve this collateral

14  issue of plaintiff's access to his legal material satisfactorily, they must inform the court

15  immediately upon any such resolution.

16  DATED:   11/30/05

17

18             /s/ Gregory G. Hollows

19             GREGORY G. HOLLOWS
                UNITED STATES MAGISTRATE JUDGE

20

21  GGH:009
    john2141.evi

22

23

24

25

26

3