1

2

3

4

5

6

7

8                            IN THE UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEREMIAH JOHNSON,

11                 Plaintiff,                    No. CIV S-05-2141 LKK GGH P

12           vs.

13   R. SANDHAM, et al.,

14                 Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16                 Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is defendants' motion for summary judgment,[1] filed

18   on 5/09/07.

19                 Plaintiff has not filed an opposition to defendants' motion.  In the order directing

20   service filed 5/25/01,[2] the court stated that the failure to oppose, inter alia, motions for summary

21

22               [1] Although the motion is entitled as one for "partial" summary judgment, this appears to
     be a mischaracterization by defendants probably based on plaintiff's having originally proceeded
23   with a co-plaintiff in an action from which this case has been severed.  See footnote 2.   The
     substance of this dispositive motion appears to go to all claims/defendants which remain in this
24   action as to this plaintiff.

25               [2] Plaintiff originally proceeded with a co-plaintiff, Kenneth Capogreco, in an action that
     was originally filed on September 8, 2000, until by Order, filed on October 25, 2005, this
26   complaint was severed from that action, Case No. CIV S-00-1951 LKK GGH P (Capogreco v.
     Parks).  (Court records indicate that CIV S-00-1951 was closed on 7/22/08).

                                                    1

judgment, "may be deemed a waiver of opposition to the motion."  The court therein directed that motions, including those made pursuant to Fed. R. Civ. P. 56, must be briefed according to Local Rule 78-230(m).  In addition, specifically as to a motion for summary judgment, the court stated that "[i]f plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of defendants' motion, the court may consider the failure to act as a waiver of opposition to defendant's motion and may grant the motion."  Defendants' notice of motion also directed plaintiff to Local Rule 78-230(m) for information regarding summary judgment.

A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule.  Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18  F.3d 651, 652 (9th Cir. March 9, 1994), citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993).  However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion.  Id.

In the instant case, plaintiff has been warned that his failure to oppose a motion for summary judgment may be deemed a waiver of opposition to the motion.  The court incorporates by reference herein the Order, filed on 1/31/08, wherein the undersigned observed, inter alia, in denying plaintiff's motion to compel discovery from non-defendants that:

> [T]his court has been engaged for years in seeking to assist plaintiff Johnson in obtaining the legal material he claims that he needs to oppose defendants' motion for summary judgment. If, in fact, a large portion of the material has been lost or destroyed [during] Capogreco's transits to various prisons, there is little this court can do. Moreover, plaintiff does not explain why it is that he cannot set forth in a declaration, under penalty of perjury, that, for example, he filed grievances as to specific medical conditions that went unanswered. Moreover, over the years, plaintiff has filed numerous exhibits in filings in this court. It is unclear whether he has reviewed the filings to determine whether any earlier exhibits could be identified and/or submitted in opposition to the summary judgment motion.  Plaintiff simply has provided no basis

1          for this court to order non-defendants to compel discovery that is
          inadequately described and that may simply no longer exist.
2          Plaintiff's motion to compel must be denied.

3    Order, filed on 1/31/08, p. 9.

4          Nevertheless, as to the pending summary judgment motion, the court stated:

5          Plaintiff does not explain how, even if the court were to vacate the
          motion for summary judgment permanently and set the matter for
6          trial, how plaintiff would proceed to trial without the same exhibits
          he claims to need for his opposition. In order to resolve this matter
7          once and for all, the court will now direct defendants to provide
          plaintiff, within 10 calendar days, with copies of all the documents
8          in his prison medical files to the extent that they have not been
          provided in support of the motion for summary judgment, and
9          copies of any and all medically related grievances he has filed,
          whether located in his central file or elsewhere, for the period of
10         time at issue herein, beginning with his transfer to HDSP on
          October 19, 1998, until September 8, 2000, when []the original
11         complaint in this action was filed.

12   Id., at 10.

13         Plaintiff was thereafter directed, within 30 days, to file his substantive opposition

14   to the pending motion for summary judgment and explicitly cautioned that failure to do so would

15   be deemed a waiver of opposition by plaintiff.  Id., at 11.  On 2/11/08, counsel for defendants

16   submitted a declaration of compliance with the court's 1/31/08 Order, declaring under penalty of

17   perjury, that plaintiff had been served, as of 2/07/08, with all of his inmate appeals constituting

18   medically related grievances "known to exist whether located in his central file or elsewhere, for

19   the period of time beginning with his transfer to HDSP on October 19, 1998, until September 8,

20   2000," specifically identifying each such grievance.  Declaration of John W. Riches II, filed on

21   2/11/08, at ¶¶ 5-6.  Moreover, defendants' counsel stated that, on 2/07/08, he had also caused

22   plaintiff to be served with his entire medical file, including dental and mental health records

23   through 6/15/01.  Id. at ¶ 7.

24         Notwithstanding defendants' evident compliance with the 1/31/08 Order (# 168),

25   plaintiff has not done so.  Plaintiff has not only failed to submit a substantive opposition to the

26   pending dispositive motion, he has failed to communicate with the court in any way since the

3

filing of the court's 1/31/08 <u>Order</u>.  This court is far too burdened with cases that are actively prosecuted to attempt to patch together an opposition for a plaintiff who has wholly abdicated his responsibility to pursue his case.  Nor would it be appropriate for this court to do so.

Based on plaintiff's failure to comply with the court's order and failure to file any substantive opposition, the court concludes that plaintiff has waived opposition and consented to defendants' motion for summary judgment.  In the alternative, the court has reviewed defendants' motion, including, inter alia, the supporting declarations of two individuals who are not defendants: Dr. Charles Lee, Chief Medical Officer at Salinas Valley State, who appears to have conducted a comprehensive review of plaintiff's extensive medical records (which have also been submitted), as well as CDCR High Desert State Prison Senior Psychologist Timothy Nolan, Ph.D, who focused on a review of plaintiff's mental health services record, and find the motion has merit.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' unopposed motion for summary judgment, filed on 5/09/07 (# 173), be granted and judgment be entered for defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  08/21/08                                    /s/ Gregory G. Hollows

                                                   _____
                                                   UNITED STATES MAGISTRATE JUDGE

GGH:009
john2141.fr

4